*In re* ASSESSMENT OF TAXES, KASH COMPANY, LIMITED.

*In re* ASSESSMENT OF TAXES, PACIFIC HARDWARE COMPANY, LIMITED.

APPEALS FROM TAX APPEAL COURT, HONOLULU.

SUBMITTED MARCH 3, 1904.        DECIDED MARCH 12, 1904.

GALBRAITH AND PERRY, JJ., AND CIRCUIT JUDGE DE BOLT IN PLACE OF FREAR, C.J., DISQUALIFIED.

The "full cash value", within the meaning of the tax statute, of a stock of goods, wares and merchandise is not necessarily the value represented by the inventory and carried on the books of the owner for business purposes. It may be less, and it may also be more.

The "full cash value", under the tax law, of a stock of goods, wares and merchandise, is what such goods would bring at a sale for cash (on the date of assessment), whether as a whole or in lots or separately,—by whatever of these methods the highest aggregate returns would be obtained, provided all the goods were sold on the same day.

OPINION OF THE COURT BY PERRY, J.

The Kash Co., Ltd., a corporation owning and conducting a wholesale and retail (mainly retail) dry goods business, returned its stock of "goods, wares and merchandise" at $36043.74. The assessor ascertained that these goods were carried on the books of the owner at an inventoried value of

$45054.67 and assessed them at the latter figure. The Tax Appeal Court sustained the return. The Pacific Hardware Co., Ltd., engaged in the hardware and general merchandise business, returned its stock of "goods wares and merchandise" at $270363.41, which was raised by the assessor to $318074.61, the inventory value. In this instance, also, the return was sustained by the Tax Court. The amounts returned were arrived at by deducting in the Kash Co. case 20% and in the other 15% from the valuation carried in the respective inventories. The contention of the assessor is that such stocks of goods cannot lawfully be returned for taxation purposes at less than the values placed by the owners in their inventories and these appeals were originally taken by the taxpayers to ascertain whether that contention is well founded in law.

Whether or not goods, wares and merchandise or other property can be returned at a valuation less than that placed thereon by the owners in inventories kept for business or other private purposes, depends in each particular instance upon the method of reaching the inventory valuation,—upon what that valuation represents. The court cannot say that in no case can such a deduction be made, nor can it say that in no case can the valuation for taxation purposes be higher than that found in such an inventory. The statute has laid down the standard of measurement which is to govern in all cases and that is the "full cash value". If a stock of goods has been placed in a private inventory at its full cash value, that is the valuation at which such property is taxable; if at more than its full cash value, a reduction from the face of the inventory, sufficient to reach the full cash value, should be made in the return and assessment; and if at less than the full cash value, there should be a sufficient increase to make the valuation in the return and assessment represent the full cash value. The issue in each case is one of fact to be determined in view of all the circumstances.

What is the "full cash value"? "It seems to us that the salable value is the true test of the full cash value, and that, we believe, has been hitherto assumed by bench and bar in cases

that have come before this court, that is, when, as here, there is nothing to prevent a sale. Of course, where there is something to prevent a sale, as in the case of a non-assignable leasehold interest, some other test will be adopted, as, for instance, what the property would be worth if it were salable. * * * To test the value in cases like the present by what the property is worth to the owner or at its cost of production rather than at its market value would not only not be sound, but would often be exceedingly difficult and uncertain."—*In re Assessment of Taxes, J. B. Castle, ante* p. 1. That statement of the law, so far as it goes, we know of no reason to modify. It applies to the cases at bar, in neither of which is there anything to prevent a sale within the meaning of the rule. In one respect, however, these cases differ from the Castle case, in that in the latter the property consisted chiefly of one indivisible item, a dwelling house, while in each of these the stock of goods is composed of many separable articles of clothing, tools, etc., and the additional question is raised by the parties whether the salable value to be ascertained is that of the stock of goods as a whole or of its various component articles separately. As to that, the salable value means, we think, the highest cash price obtainable for the goods on the market on the date of assessment prescribed by law, whether such highest price be obtainable, at public auction or at private sale, by selling them as a whole, or by selling them in lots or by selling each article separately, provided that *all* the articles,—the whole stock—are sold *on that day*. Ordinarily, with stocks as large as those involved in the cases at bar, it may be that by selling each article separately no more will be realized in the aggregate than by selling the stock as a whole, even though it be the fact, as it undoubtedly is, that in the ordinary course of business extending throughout the year some articles are sold at much higher rates than the average obtainable at a sale of all. On the other hand it may be that there are some stocks of goods so small and of such a character that better total results will follow from separate sales on the assessment day than from a sale as a whole, but such are probably exceptional cases.

For the assessor it is contended that the statute does not contemplate a value ascertainable by a forced sale. The statute does contemplate the salable value on a day named, that is, the value shown by a sale if had on that day and not by daily sales, piecemeal, extending throughout a year or more. We are not required by the facts in these cases to say whether or not this means a forced sale upon short notice which the owner cannot avoid and from which he cannot obtain as good results as if he had been allowed ample time for preparation to secure all possible bidders. The view most favorable to the appellant may be assumed to be the correct one, namely, that the sale is one had upon that day, not through compulsion, but because the day seems as advantageous as any other either shortly before or shortly after it, and had, further, after all the preparation and notice desired to secure the highest possible bids either within or without the territory. Still, the present appeals cannot be sustained, for the evidence shows that, measured by such a sale, the stocks of goods are, respectively, not of a cash value higher than that returned.

That the full cash value may be less than that represented in the owner's private inventory, was decided in the *Grinbaum & Co. tax case,* 14 Haw. 692, where the valuation fixed by the court was about $18\frac{1}{2}\%$ less than the total shown by the inventory.

The Kash Co.'s goods were inventoried at their cost to the owners, landed in Honolulu, with no reduction for shopwear, broken sizes or lots, or depreciation for any other causes. In the Pacific Hardware Co. case, the inventory valuation represents the cost of the goods landed here with three months' interest added thereto, less deductions made for actual damage found in taking stock, but with no allowance for over stock, slow stock, dead stock or for depreciation caused otherwise than as above stated. In each case the deduction now claimed is for depreciation for causes for which no allowance was made in the inventory. Considerable evidence by experts and other witnesses was introduced by the taxpayers tending to show that the salable

value of the property in question on January 1, 1903, did not exceed the value returned. That evidence was uncontradicted. We are satisfied that in each case the valuation placed in the inventory was higher and that returned not lower than the full cash value and therefore affirm the decisions appealed from.

*Robertson & Wilder* for the assessor.

*Smith & Lewis* for the taxpayers.